IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

**Plaintiff,**

v.

HECTOR G. CARDONA-VICENTE,

**Defendant.**

**CRIMINAL NO.** 13-308 (JAG)

## OPINION AND ORDER

Magistrate Judge Velez-Rive issued a report and recommendation ("the report") recommending that Hector G. Cardona-Vicente's ("Cardona") motion to suppress be denied. (Docket No. 30) For the reasons stated below, the Court **ADOPTS** the Magistrate's report and **DENIES** the motion to suppress.

## BACKGROUND

Cardona was charged with a three-count Indictment for possession with the intent to distribute a detectable amount of cocaine and marihuana and for possession of a firearm in furtherance of a drug-trafficking crime in violation of 21 U.S.C. § 841(a)(a) and 18 USC § 9.2.4. (Docket No. 1). Before the Court is Cardona's motion to suppress the evidence obtained in a search following a legal traffic stop. (Docket No. 22). After an evidentiary hearing, the magistrate issued a report

recommending the denial of the motion to suppress. (Docket No. 30) Cardona timely filed objections, (Docket No. 38); and the government filed a response to Cardona's objections. (Docket No. 42).

**DISCUSSION**

First, we find that the magistrate's report is well founded in both fact and law and shall be adopted for the reasons stated therein. However, Defendant's vehement objections to the frisk which lead to his arrest and the search of the car prompt the Court to further analyze the matter.

According to Puerto Rico Police Department ("PRPD") Agent Melvin Martinez ("Agent Martinez"), after he detained the vehicle in which Cardona was the front passenger, he requested the driver's license and registration of the vehicle.[1] The driver, however, was unable to provide his license and could only furnish the registration of the vehicle. Then, and crucial to this analysis, "Martinez noticed Cardona grabbing a black fanny pack (which was wrapped around his waist) in a manner consistent, within the officer's experience, with holding a firearm." (Docket No. at 21). At that moment, Agent Martinez asked Cardona if he had a license to carry a firearm and the Defendant gestured that he did not. Agent Martinez ordered Cardona to exit the vehicle. See <u>Pennsylvania v. Mimms</u>, 434 U.S.

---

[1] Agent Martinez's testimony was uncontroverted at the suppression hearing, as he was not impeached and Defendant did not present any witnesses.

106, 111 n.6 (1977)("[O]nce a motor vehicle has been lawfully detained for a traffic violation, the police officers may order the driver to get out of the vehicle without violating the Fourth Amendment's proscription of unreasonable searches and seizures."). He then touched the fanny pack, felt a firearm and asked Cardona whether there was a firearm in the fanny pack to which Cardona responded in the affirmative. Agent Martinez verbally apprised Cardona of his rights and placed him under arrest.

Defendant objects to the magistrate's report arguing that the way Cardona was holding the fanny pack was insufficient for Agent Martinez to search him. He further argues that this was a pretext to conduct an illegal search and that the Court "should not be expected to believe what ordinary people do not accept." (Docket No. 38 at 4). We disagree.

The protective frisks or patdowns in Terry were allowed because the Supreme Court recognized the "need for law enforcement officers to protect themselves and other prospective victims of violence in situations where *they may lack probable cause for an arrest*." Terry v. Ohio, 392 U.S. 1, 24 (1968)(emphasis added). "To justify a patdown of the driver or a passenger during a traffic stop, however, . . . the police must harbor reasonable suspicion that the person subjected to the frisk is armed and dangerous." Arizona v. Johnson, 555 U.S. 323,

327 (2009). "Reasonable suspicion is evaluated based on "the totality of the circumstances and it demands a 'practical, commonsense approach.' " U.S. v. Jones, 432 F.3d 34, 40 (1st Cir. 2005) (quoting U.S. v. Sowers, 136 F.3d 24, 28 (1998)).

Here, Agent Martinez testified that he was going around the rear of the vehicle to check the registration sticker when Cardona, who appeared nervous, grabbed his fanny pack in a manner that Agent Martinez understood was a firearm. Agent Martinez stated than in his experience, people (such as himself when off duty and in civilian clothing) use that type of fanny pack to carry their firearms.[2] See U.S. v. Arvizu, 534 U.S. 266, 273 (2002) (an officer may draw on his "own experience and specialized training to make inferences from and deductions about the cumulative information . . . that might well elude an untrained person.") (citations and internal quotation marks omitted). He further testified that at that moment he feared for his life. The Court thus finds that there are at least three factors here alerting Agent Martinez: (1) Cardona's nervousness, (2) the type of fanny pack around Cardona's waist, (3) the manner in which Cardona grabbed the fanny pack.[3] The Court

---

[2] The Court notes that this is not the first case before the undersigned in which a fanny pack is used to store a firearm. See e.g., Crim. No. 12-356 (JAG). However, we are mindful of the fact that having a fanny pack does not alone constitute a basis for reasonable suspicion.

[3] Another factor which may have been considered by the Court was that the driver provided only the vehicle's registration, and not his license. Although the officer verified that the car was not reported stolen, we note that this could also reinforce reasonable suspicion because that fact alone

considers that these were sufficient to give Agent Martinez reasonable suspicion that Cardona was armed and dangerous.[4] And once Agent Martinez legally conducted a patdown on Cardona and felt the firearm and Cardona admitted having no license, the arrest was justified.

## CONCLUSION

After a *de novo* application of the "totality of the circumstances" test we hold that the protective frisk on Cardona was reasonable under the Fourth Amendment and Cardona's arrest was lawful. As to the remainder of Cardona's objections concerning the search of the vehicle and Cardona's statements, the Court, after *de novo* review, finds that the magistrate's report should be adopted for the reasons stated therein.

Therefore, the Court hereby **ADOPTS** the report and **DENIES** the motion to suppress.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 26th day of February, 2014.

                                          s/ Jay A. García Gregory
                                          JAY A. GARCIA GREGORY
                                          U.S. DISTRICT JUDGE

---

does not exclude the possibility that the car was in fact stolen (since it may have yet to be reported). Notwithstanding, we find the abovementioned factors sufficient.

[4] Defendant alleges that "it is disingenuous to believe that by the way a person holds a fanny pack a police officer can conclude, without a shadow of doubt, that said person is carrying a firearm." (Docket no. 38 at 8). The premise of Defendant's argument is incorrect. Such certainty is not required by Terry.